### JOHN B. ROBERTSON, TRUSTEE, *vs.* ALFRED TODD.

The 7th section of the insolvent act of 1853 provides that nothing in the act shall affect conveyances made in good faith in the regular course of businesss or for the payment of any debt due or for the security of any indorsement given at the time the conveyance is made, unless the party taking such conveyance knew that it was made in view of insolvency and for the purpose of giving a preference to particular creditors. *N* and *T* were indorsers of a note for *H* which was to fall due at bank on the 10th of July. On the 8th of July, *N*, under an arrangement with *H*, took from him a new note of the same amount payable

at bank in three months to the order of *T*, which he procured *T* to indorse, and on the next day got it discounted at bank and with the proceeds paid the note then falling due. He also at the same time procured a conveyance to *T* of an entire stock of goods owned by *H*, for the security of *T* as indorser of the new note, with power to take immediate possession of the goods and sell them and apply the avails to the payment of the note. *H* at this time was in failing circumstances and the conveyance was made in view of insolvency and for the purpose of giving to *N* and *T* a preference over other creditors upon their liability as indorsers of the first note ; but *T* had no knowledge of this fact. *H* immediately after went into insolvency. Held that the conveyance was void against the trustee in insolvency.

TROVER, for a stock of goods, tried in the superior court on the general issue.

The goods had originally belonged to one Jesse W. Henry. The plaintiff claimed them as trustee under an assignment in insolvency made by Henry on the 9th of July, 1861. The defendant claimed them under a mortgage bill of sale executed on the 8th of July. This mortgage the plaintiff claimed to be void under the insolvent act. The facts, which were specially found by the court, were as follows :—

The defendant and one John G. North were indorsers of a note of Henry, payable at the Merchants' bank, to the order of the defendant and North, for $475. The note had been discounted for the benefit of Henry, and indorsed for his accommodation, and fell due on the 10th of July, 1861. On the 8th of July the defendant indorsed a new note for $475, and took the bill of sale as security, and at the same time took possession of the property conveyed, which was the entire stock of goods of Henry, who had kept a drug store in the city of New Haven. The arrangements for this new note and security were made between Henry and North. It was understood by them that the new note was in renewal of the note falling due on the 10th of July. The note was taken by North, and on the 9th he procured it discounted at the Merchants' Bank, and applied the proceeds in payment of the old note. The bill of sale was made by Henry in view of insolvency, and for the purpose of giving to North and the defendant, in respect to the note falling due July 10th, a preference over other creditors ; and the new note was in fact used to aid the debtor

Robertson *v.* Todd.

in giving preference to North and the defendant over other creditors of Henry in view of Henry's insolvency. All this was fully known to North; but the defendant, at the time he indorsed the new note and took the bill of sale and possession of the property, did not know that it was done in view of insolvency, for the purpose of preferring creditors, and was ignorant of the purpose of Henry and North so to use the note, and did not know until after it was so applied that it had been so used.[*] The condition of the bill of sale was as follows:—
"The condition of this bill of sale is such that if the said Henry shall save the said Todd harmless on his indorsement of the note of the said Henry of this date for $475, payable to the order of said Todd three months from date at the Merchants' Bank, this bill of sale is to be void, otherwise not. And it is agreed that the said Todd may immediately take possession of said stock of goods and other property, and dispose of the same, and apply the avails, after deducting reasonable charges and expenses, to the payment of said note."

Upon these facts the case was reserved for the advice of this court.

*Blackman* and *Sanford*, for the plaintiff.

*C. R. Ingersoll* and *Watrous*, for the defendant.

---

[*] The first section of the insolvent act of 1853, (Comp. 1854, p. 512,) provides that all conveyances and assignments made by any person in failing circumstances, with a view to insolvency, shall be void against creditors, unless made for the benefit of all the creditors. The seventh section provides as follows:—"Nothing in this act contained shall be so construed as to affect any conveyances or transfers of property, real or personal, made in good faith in the regular course of business, or for the security of any debt incurred by the purchase of property, or for the security of any loan, indorsement or guarantee, where such sale, loan, indorsement or guarantee is made at the time when such security is taken; or for the payment of any debt legally incurred and due at the time of such conveyance or transfer, or so as to affect the payment of money on any such debt; unless such loan shall have been made, or such indorsement or guarantee given, for the purpose of aiding such debtor in view of insolvency, in giving a preference to a part of his creditors over others, or such conveyance, transfer or payment shall have been made in view of insolvency, and for the purpose of giving the party receiving the same a preference over other creditors of such debtor, and with the knowledge on the part of such party that such conveyance, transfer or payment was so made."

BUTLER, J. In this case judgment must be advised for the plaintiff.

The finding discloses an attempt by a debtor in failing circumstances, and with a view to insolvency, to prefer a creditor and relieve sureties. The means adopted were the making of a new note, procuring the indorsement of it by one of the sureties as an ignorant indorser, taking the avails of the discount to pay the old note, and the conveyance of the property of the debtor to such indorser, ostensibly as a " security," within the meaning of the 7th section of the insolvent act, but in fact as an absolute conveyance for the purpose of paying the new note.

The illegal intent of Henry the debtor and North one of the sureties is found ; but it is also found that Todd, the other surety and the indorser of the new note, did not know that the avails of the new note were to be used by Henry in paying the old one, with intent to prefer creditors and in view of insolvency. That part of the finding is conclusive, so far as it can be operative. Nevertheless the transaction was illegal.

The instrument by which the property was conveyed is anomalous ; but construing it with reference to the situation and circumstances of the parties, (*Strong* v. *Benedict*, 5 Conn., 210,) and the character of the property, it obviously is not such a " security " of an indorsement, or such a transfer made in good faith in the regular course of business, as the 7th section of the act of 1853 contemplates and exempts.

It is not on its face a mere mortgage. Although it is in form a bill of sale with a defeasance, it has superadded a provision for the immediate disposition of the property to pay the note. That provision is not a power of sale consistent with the condition of defeasance, and in aid of the purpose of the instrument as a mere security, for it is not the usual and consistent power to sell *after* a default in the performance of the engagement secured, and in contemplation of a performance by the grantor, but an agreement that he may sell immediately and appropriate the avails in payment of the note at or before maturity. It is not found that Todd was ignorant of the fact that Henry was in failing circumstances, and looking

Robertson *v.* Todd.

at the situation and circumstances of the parties, the form of the instrument, and the fact that the property was all the stock in trade, fixtures, &c., of a merchant, it is perfectly apparent that the property was transferred and received, not in good faith in the regular course of business, nor to be holden in good faith as a security in expectation of a performance of his engagement by the principal, but to be sold by the defendant as agent or trustee in order to pay the note ; that it was virtually property set apart and appropriated to the payment of a specific debt which was not " incurred by the purchase of property " or " due at the time ; " and that the condition of defeasance and the discretionary form of the provision for a sale were mere devices to conceal the real nature of the transaction.

It is very clear that the legislature did not intend to exempt such a conveyance from the provisions of the first section of the act; and that, if this should be sustained, a failing debtor would not find it difficult to turn his property into money, sell it in fact, and prefer or defraud his creditors at pleasure in defiance of the act. Men may always be found to aid a failing debtor to turn his property in such manner into ready money for a consideration, if the law would permit them to do it with safety to themselves.

Notwithstanding therefore the court have found, and the fact must be taken as true, that the defendant knew nothing of the use or purpose to which the avails of the note of September 8th, were to be appropriated, and regarding the indorsement of that note and the taking of the bill of sale as together constituting an independent transaction, the conveyance was illegal and void, and judgment should be rendered for the plaintiff.

In this opinion HINMAN, C. J., and SANFORD, J., concurred. McCURDY, J., dissented. DUTTON, J., having been consulted in the case when at the bar, did not sit.